WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
         jchang@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
OPERATING ENGINEERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS (Pension Trust Fund** by its Trustees, James E. Murray, Kevin J. Albanese, Steve Clark, F.G. Crosthwaite, Patty Dutra Bruce, Bryan K. Flake, Thomas Holsman, Lance Inouye, Tom Squeri, David R. Stanton, Russell E. Burns, Mike Croll, Justin Diston, David Harrison, Steve Ingersoll, Pane Meatoga, Jr., Bruce Noel, Dan Reding, James Sullivan, and Nate Tucker, **Pensioned Health and Welfare Trust Fund** by its Trustees, James E. Murray, Kevin J. Albanese, Steve Clark, F.G. Crosthwaite, Patty Dutra | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS** |

Bruce, Bryan K. Flake, Thomas )
Holsman, Lance Inouye, Tom )
Squeri, David R. Stanton, )
Russell E. Burns, Mike Croll, )
Justin Diston, David Harrison, )
Steve Ingersoll, Pane Meatoga, )
Jr., Bruce Noel, Dan Reding, )
James Sullivan, and Nate )
Tucker; **Hawaii Health and** )
**Welfare Trust Fund for** )
**Operating Engineers by its** )
**Trustees**, Lance Inouye, Rodney )
Nohara, Kathleen Thurston, )
Randall Ching, Corey Yamashita, )
Russell E. Burns, Pane )
Meatoga, Jr., Dan Reding, Steve )
Ingersoll, and Analesea )
Tuiasosopo; **Hawaii Operating** )
**Engineers Annuity Trust Fund** )
**by its Trustees**, Lance Wilhelm, )
Kathleen Thurston, Marnie Koga )
Hursty, Leonard Dempsey, )
Russell E. Burns, Pane Meatoga, )
Jr., Dan Reding, Steve Ingersoll )
and Buddy Victorino; **Operating** )
**Engineers and Participating** )
**Employers Pre Apprentice,** )
**Apprentice and Journeyman** )
**Affirmative Action Training** )
**Fund for Hawaii** by its Trustees, )
Leonard Leong, Gary Iwamoto, )
Richard Heltzel, Ryder Coelho, )
Russell Inouye, Russell E. )
Burns, Pane Meatoga, Jr., Dan )
Reding, Steve Ingersoll, and )
William Greig; Hawaii **Operating** )
**Engineers Industry** )
**Stabilization Trust Fund by its** )

2

| | |
|---|---|
| **Trustees**, Lance Wilhelm, Kenneth Kobatake, Ken Kawamoto, Joyce Furukawa, Kyle Nakamura, Russell E. Burns, Pane Meatoga, Jr., Dan Reding, Steve Ingersoll, and Clarence "Black" Huihui; **Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund, by its Trustees,** James E. Murray, Bryan K. Flake, Lance Inouye, Tom Squeri, Russell E. Burns, Justin Diston, Steve Ingersoll, and Dan Reding), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ZOE BUILDERS INC., a Hawaii corporation, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named alleges and avers as follows:

3

## FIRST CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Operating Engineers' Trust Funds, which include the Pension, Pensioned Health and Welfare, Hawaii Health and Welfare, Annuity, Operating Engineers and Participating Employers Pre-Apprentice, Apprentice and Journeyman Affirmative Action Training and Hawaii Industry Stabilization Trust Funds and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund (hereinafter referred to as "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of

Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

  4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant ZOE BUILDERS INC., (hereinafter "Defendant"), is a Hawaii corporation, located at 781 Kolu Street #A-1, Wailuku, Hawaii 96793.

  5. On or about August 14, 2015, Defendant, by and through Member JESSE B. FONTANILLA, made, executed and delivered to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union"), that certain written agreement entitled "Exhibit G Certification Of Receipt And Acceptance Master Agreement Covering Operating Engineers in the State of Hawaii," (hereinafter "Agreement") covering Defendant's operating engineers in the State

Of Hawaii.  A true copy of said Agreement is attached hereto as Exhibit "A", and is incorporated herein by reference.  By said agreements, an "Employer" means any contractor, individual, partnership, corporation, or other entity who is an employer and is a party to said agreements with the Union, or any contractor, individual, partnership corporation or other entity who, by signed document or  understanding of agreement as a party to said agreements, submits payments to the Trust Funds.

  6. By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

  7. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly

contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10.  By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11.  Said Agreement states in pertinent part "THE UNDERSIGNED CONTRACTOR hereby acknowledges receipt of the MASTER AGREEMENT COVERING THE OPERATING ENGINEERS IN THE STATE OF HAWAII as effective to and including August 31, 2019, and hereby certifies acceptance of all terms and conditions as set forth therein, with all terms and conditions to be effective as of August 14, 2015.  From and after the date herein above set forth, the undersigned Contractor agrees to abide by all terms and conditions in said Agreement and any amendments, modifications, changes, extension, and renewals thereto."

12.  Defendant continues to fail, neglect and refuses to submit timely payments and reports, and will continue to do so unless ordered to specifically perform the agreement(s) to submit

timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

13.  Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 12 of the First Cause of Action hereinabove set forth.

14.  By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15. Defendant's current known delinquencies to the Plaintiffs are as follows:

1. Audit (10/17 - 12/18):

   | | |
   |---|---|
   | a. Contributions: | $ 9,248.38 |
   | b. Liquidated damages: | $ 3,570.77 |
   | c. Audit fee: | $      80.00 |
   | d. Sub-total: | $12,899.15 |

2. Reports (11/18 – 2/19):

   | | |
   |---|---|
   | a. 11/18 report: | $26,378.31 |
   | b. 12/18 report: | $20,530.02 |
   | c. 01/19 report: | $12,167.88 |
   | d. 02/19 report: | $12,115.51 |
   | e. Sub-total: | $71,191.73 |

3. Report Liquidated Damages (1018 – 2/19):

   | | |
   |---|---|
   | a. (10/18 report rec'd late): | $ 3,832.29 |
   | b. (11/18 report rec'd w/o pmt): | $ 5,081.85 |
   | c. (12/18 report rec'd w/o pmt): | $ 3,959.59 |
   | d. (01/19 report rec'd w/o pmt): | $ 2,354.95 |
   | e. (02/19 report rec'd w/o pmt): | $ 2,344.90 |
   | f. Sub-total: | $17,573.58 |

4. Interest (12%) on Contributions ($80,440.11) thru 4/1/19 ($26.45 per diem):   $ 2,370.23

   TOTAL:   $104,034.69

plus interest from April 1, 2019, at $26.45 per diem, attorneys' fees and costs, for said audit and report periods, plus additional interest accruing thereafter.

16. Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time. If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17. Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for

the damages caused the Plaintiffs by the non-payment of said contributions.

19.  By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.  By virtue of the foregoing, Plaintiffs have been damaged in the amount of $104,034.69, plus interest from April 1, 2019 at $26.45 per diem, and such additional amounts as may be proven at trial of hearing on proof.

21.  It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against ZOE BUILDERS INC., a Hawaii corporation ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1. That the Court orders Defendant to submit timely reports and payments in accordance with said agreement(s).

2. That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records from January 2019 to present in accordance with said agreement(s).

3. That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5. That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6. That the Court awards the Plaintiffs and against the Defendant the sum of $80,440.11 in known October 2017 through December 2018 audit and November 2018 – February 2019 report contributions, plus interest on said contributions, at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $2,370.23 through April 1, 2019 ($26.45 per diem thereafter).

7. That the Court awards the Plaintiffs and against the Defendant liquidated damages for the October 2017 through December 2018 audit and November 2018 – February 2019 report periods as provided in said trust agreement(s) of $21,144.35; or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions due and owing

pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8. That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

9. That the Court award the Plaintiffs and against the Defendant October 2017 through December 2018 audit fees of $80.00, all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws.  29 U.S.C. § 1132(g).

10. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, __April 1_____, 2019.

**WEINBERG, ROGER & ROSENFELD**

  __/S/ JERRY P.S. CHANG__
ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE OPERATING ENGINEERS' TRUST FUNDS